Aspley v. Thomas.

BERRY ASPLEY v. JAMES THOMAS.

Where a written contract under seal contained a stipulated agreement that in case either party should fail to fulfill the agreement, he should be liable for damages to the other party to be assessed by two competent, disinterested men; and a difference having arisen, the parties, without writing, chose each a referee, waived their being sworn, and submitted the difference to them; and the referees made their award, also without writing; the award being pleaded by the party in whose favor it was made, in a suit on the contract by the other party, the Court below instructed the jury that the award was not binding on either party, unless both agreed to and accepted it as a settlement; on appeal this Court saw no cause why the award was not binding, but, as the point had not been argued, and no authorities had been referred to, and the case would be reversed on another ground, declined to express any decided opinion on the point.

The judgment was reversed in this case on the ground that the verdict was contrary to the evidence, the suit being on a contract for cropping or overseeing.

Appeal from Anderson. Tried below before the Hon. John H. Reagan.

Suit commenced Sept. 2nd, 1854, by Thomas against Aspley. The plaintiff alleged a contract between himself and defendant, whereby the latter undertook to furnish plaintiff twenty acres of land to be cultivated in corn and cotton, and tools,

implements, horses, &c., to cultivate the same, and plaintiff undertook to cultivate said land ; and the crops were to be equally divided ; alleged the planting, &c., until in July; when defendant drove plaintiff off the premises, &c. The defendant made the contract a part of his answer, and pleaded the award of referees, adjusting all matters of difference between the parties, under the contract ; and pleaded also two accounts against the plaintiff, one for household supplies and tobacco, commencing August 22nd, 1853, and closing July 24th, 1854, for $95 96 ; the other for $15 62 for similar articles charged to have been got by plaintiff of one Goost, about the 11th of April, 1854, on the order of defendant, and since paid for by defendant. The contract for cropping was dated January 1st, 1854, and contained the following stipulation : and it is further agreed, between the parties hereto, that either party failing to fulfill this agreement shall be subject to damages to the other party, to be assessed by two competent, disinterested men. The proof was that in July, 1854, the defendant drove the plaintiff off ; that they then, without writing, selected two referees, to whom they submitted their difference ; they waived the swearing of the referees ; and the referees having declined to serve, unless their decision should be final, it was agreed without writing, that their decision should be final.— The referees decided, also without writing, that Thomas had neglected the crops to such an extent that there could not be more than one half as much made as if he had performed his part according to contract, and they awarded the whole crop to Aspley, and that Thomas should pay him $50 for gathering it. Both parties were present when the referees decided ; Thomas said nothing.

There was raised on fifteen acres two hundred and forty bushels of corn, and on the other five acres three thousand three hundred pounds of seed cotton. Corn sold in the Fall of that year at from seventy-five cents to a dollar per bushel ; cotton was worth one dollar and seventy-five cents

per hundred pounds in the seed ; two witnesses for plaintiff, who examined the crops in the Fall, regarded them as good average crops, (both had been laid by before plaintiff was driven off,) and stated that the season had been unfavorable, there being too much rain in the Spring ; one of the witnesses testifying that he regarded part of the land as bad soil.

For defendant, after proving the reference and award as before stated, it was proved (in the language of the statement of facts,) that ten acres of the land had been badly cultivated, seeming not to have been ploughed more than once ; that there was not more than half as much raised on said ten acres, as should have been if they had been well cultivated ; that five acres in corn seemed to have been better cultivated than the balance, on which there was tolerably fair corn ; that the cotton at the time of the reference had been recently ploughed, and looked yellow ; that the corn was then very grassy. It was proved that Thomas admitted that Aspley had complied with his part of the contract. Defendant proved that he cultivated eleven acres adjoining, and gathered off them several wagon loads of corn more than were gathered off the fifteen acres, although the land was inferior in point of soil ; that the corn gathered off the fifteen acres was very inferior, being principally nubbins ; that defendant gathered the crops ; that when defendant cultivated the same land he raised good crops, and that the land was capable of producing thirty and forty bushels of corn. Defendant proved the account paid to Goost for plaintiff, and offered the other account in evidence "and proved that most of the items in said account mentioned, had been got by Thomas and that the charges were reasonable."

The plaintiff then proved that in the winter and Spring of 1853 and 1854, he made some rails for defendant ; that one acre and a half cultivated by him was wet land ; that Aspley had told a witness that Thomas was making rails for him during the winter and Spring of 1853 and 1854, that he, Thomas, was doing very well, and that he, Aspley, was finding Thomas

in provisions during said time. One of the referees stated on cross examination by plaintiff, that they allowed Aspley fifty dollars for gathering the crop, and the other arbitrator stated that they decided that Thomas was either to gather the crop for Aspley or pay him $50. In answer to a question by plaintiff, the arbitrators stated that they did not recollect of deciding that Thomas should pay the defendant $100 for gathering the crop. The plaintiff then introduced a witness who stated that such was the decision as stated to him by Aspley ; but that the arbitrators knocked off $50, in as much as Aspley told them that the amount could not be made out of Thomas. Plaintiff proved by witnesses that they had seen the crops in July ; that the cotton was very good and in good state of cultivation ; that part of the corn was very good, and a part not so good, but upon the whole, from their knowledge of the soil and acquaintance in the neighborhood, they considered it a fair average crop ; that both the corn and cotton were laid by before Thomas left the premises. It was also proved that Aspley told Thomas that if he would pay him eight bushels per acre for the rent, and what he owed him, he might take the crop.

*E. H. Horrell*, for appellant. The statement of facts shows the article of agreement between the parties, in which, to avoid litigation, it was agreed to submit any matter in dispute, growing out of their contract, to persons chosen by themselves.— Nothing is said in the article, requiring the arbitrators to be sworn, and Thomas, when called on, waived it ; and if there had been a necessity for the arbitrators to have been sworn, and their award made in writing, the errors, if any, were cured by the appellee. (See Townsend v. Moore, 13 Tex. R.)

At Common Law, whenever the thing in dispute may be passed without writing, an oral submission and award has all the effects of a written one. (U. S. D., Title ARBITRAMENT AND AWARD, Vol. 1, p. 200 ; 6 Litt. 264.)

And in 1 Bay, 458, it is said, that where an agreement is made to submit a matter in dispute to the oath of a third person, and the oath is accordingly made, the agreement is binding. And although a mere agreement to submit matters in dispute to arbitration, may not oust the Court of its jurisdiction; yet when the award is made in pursuance to said agreement, it is binding, unless vitiated by fraud or partiality.— (See Stone v. Dennis, 3 Porter, 231.) An award will not be set aside but for corruption or misbehavior, or for some great or palpable error or gross mistake. (See 2 Bay, 370 ; Id. 450 ; 1 Johns. Ch. 101 ; 1 Bailey, 46 ; 2 Johns. Ch. 276 ; 1 U. S. D. p. 216.)

But it is contended that the award is void for uncertainty. The facts of the case do not justify the inference. The award is sufficiently certain as to Thomas, and his right to recover in the suit brought; and was binding. For which see 1 Cains, 304 ; 1 Call R. 575 ; Stanty v. Chapel, 8 Cowen, 235 ; Cox v. Jugger, 2 Cowen, 638.

The Court then erred in the charge to the jury. The Court should have sustained the motion for a new trial, on the ground of the verdict of the jury being against the evidence.

If Thomas had cultivated the land according to contract, which certainly cannot be contended for, and Asply sustained no damages on that score, the verdict of the jury was contrary to the evidence.

*R. A. Reeves*, for appellee. The clause in the agreement to arbitrate does not divest the District Court of jurisdiction.— At the time it was made no cause of action had accrued to either party ; nor was it at any time filed with a Justice of the Peace or the Clerk of the District Court, as required by the Statute. (Hart. Dig. Art. 7.) The arbitrators were not sworn and their award was not made the judgment of any Court. The award as made did not conform to the agreement; the question of damages alone was submitted, but the arbitra-

tors gave the defendant Aspley the entire crop and damages for gathering it. (Cox v. Giddings, 9 Tex. R. 46 ; Kyd on Awards, 140 ; 13 Johns. R. 187.)

The principles of the Common Law cannot be invoked in aid of the award ; for the Statute is not cumulative, but in derogation of the Common Law. The last Article repeals all former laws on the subject of arbitrations. (Hart. Dig. Art. 15.)

This award would be void even by the Common Law, for uncertainty. (Kyd on Awards, 194 ; 3 Tex. R. 166.)

If the plaintiff (appellee) had failed in some respects, he was still entitled to the value of his services. (Mead v. Rutledge, 11 Tex. R. 50.)

The award as pleaded by the defendant was not sustained by the evidence (Trans. 16, 35,) and " if there was any conflict in the testimony, it was the province of the jury to reconcile it."

LIPSCOMB, J. This suit was brought to recover damages for the breach of a covenant between the parties, with a stipulation in the covenant, as it appears, that if any disagreement between the parties should arise, it was to be referred to two disinterested persons, who should adjust the difference between them. A difference did arise, and the parties each selected a man to adjust it, in accordance with the contract. It appears from the statement of the facts, that the parties were each before the referees, and waived all informality, and waived the swearing of the referees, and on the latter refusing to act unless the parties agreed that the award should be final and binding, the parties both consented to the stipulation. When the award was made, both parties were present.

The Court charged the jury, on the trial of the case, that " The award of the two persons, Killison and Clewis, selected " to settle and determine this matter for the parties, was not " binding on either of them, unless they both agreed to, and " and accepted their award as a settlement of the matters of

" dispute between them." This charge was excepted to, and it is assigned for error.

This question has not been argued, and no authorities referred to, that would enable us to give a decided opinion.— But it seems to us, that the mode of settlement having been expressly provided in the covenant, and the matter having been referred, as we have above shown, and the award made, that it was unnecessary that the parties should, after the award was made, accept it as a final settlement of the matters in dispute between them, to make it binding. It was not an arbitration under our Statute, nor was it an order by the Court by consent of parties, after suit commenced. But there is no principle, it is believed, that would so far restrain parties to a covenant, where both of the parties were bound to do certain things, from stipulating in the covenant, for the settlement of any difficulty or disagreement that might arise between them out of the covenant. But, as the case will have to be sent back on another ground, under the circumstances before intimated, we decline expressing any decided opinion on this point.

We believe that the Court below erred in overruling the appellant's motion for a new trial, on the ground that the verdict was contrary to evidence. The jury gave by their verdict, to the plaintiff below, appellee in this Court, ninety-three dollars, forty cents, when, by putting the highest price proven, that corn and cotton were selling for, without any allowance for gathering it, and giving the appellant credit for his account proven, it could not have been more than half that amount, and if a fair and reasonable influence is allowed for the evidence, it could not have been more than seventeen dollars, without any abatement for gathering the crop.

The evidence was that corn that Fall was selling at from seventy-five cents to one dollar per bushel, and cotton at one dollar and seventy-five cents per hundred pounds in the seed. The evidence of the quality of the corn was, that it was very

inferior, principally nubbins, as witness called it. Now, corn of that quality could not certainly be estimated at the market price, which must refer to good corn, and to say the difference would be one half, would be but a reasonable allowance of valuation. The evidence of the valuation of corn and cotton was for both when gathered, without any deduction in favor of the appellant for the labor of gathering it in, which, for the cotton particularly, would have reduced the rate considerably. The record is very defective in not presenting with perspicuity, the several points in the case, and particularly so, in presenting the evidence. On the next trial these defects can be avoided. The judgment is reversed and the cause remanded for a new trial.

Reversed and remanded.